```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BEN BEY, *in Propria Persona, Sui Heredes, Being Detained as the Ex. Relatione [Ben Bey]*,

                                     Petitioner,

                                   -v-

NEW YORK CITY DEPARTMENT OF CORRECTION;
DORA B. SCHRIRO, COMMISSIONER;
NEW YORK COUNTY DISTRICT ATTORNEY CYRUS R. VANCE, JR.;
NEW YORK COUNTY SUPREME COURT CRIMINAL TERM MAGISTRATES MICHAEL OBUS, LAURA A. WARD;
TUNNELS AND BRIDGES TRANSIT AUTHORITY OPERATIONS FORCE;
JAMES FORTUNATO, CHIEF OF OPERATIONS,

                                   Respondents.

------------------------------------------------------------------X

13 Civ. 2573 (PAE)(KNF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On April 18, 2013, an application for a writ of habeas corpus under 28 U.S.C. § 2242 was filed by Ra Maa Nu Amen Bey and Tchet Ab Utcha Ra El (collectively, "petitioners"), proceeding *pro se* and as the "next friends" of Ben Bey. Dkt. 1.

On May 2, 2013, I referred this case to the Honorable Kevin Nathanial Fox, United States Magistrate Judge. Dkt. 2. On June 10, 2013, Magistrate Judge Fox ordered petitioners each to file competent evidence within 30 days "demonstrating the basis for his standing as a next friend to Ben Bey." Dkt. 3. As the Order explained, to have standing, petitioners had the burden of demonstrating that (1) Ben Bey is unable to file this application for a writ of habeas corpus on his own behalf; and (2) the petitioners are sufficiently dedicated to Ben Bey's best interests that

it is appropriate for them to represent him in this action. *Id.* On July 10, 2013, petitioners submitted an "Affidavit of Fact Order Response." Dkt. 6.

On September 20, 2013, Magistrate Judge Fox issued his Report & Recommendation (the "Report") to this Court, recommending that the application for a writ of habeas corpus be dismissed. Dkt. 5. The Report stated that the parties were required to file any objections within 14 days from the date of the Report's issuance. *See* Report 6. To date, the Court has received no objections.

## DISCUSSION

The judicial power of the federal courts only extends to deciding actual "Cases" or "Controversies." U.S. Const. art. III, § 2. An essential aspect of the case or controversy requirement is "that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). Under 28 U.S.C. § 2242, a "next friend" may have standing to file an application for a writ of habeas corpus on behalf of a detained prisoner. However, next-friend standing is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, courts applying § 2242 "have adhered to at least two firmly rooted prerequisites for next friend standing." *Id.*

> First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. . . . Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . . The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* at 163–64 (citations omitted). "These limitations on the next friend doctrine are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as matter

of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (citations omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

## CONCLUSION

Careful review of the well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that petitioners here have failed to meet their burden to establish that they are truly dedicated to the best interests of Ben Bey, as required by the "next friend" doctrine. Accordingly, petitioners do not have standing to file this application for a writ of habeas corpus on behalf of Ben Bey, and the Court lacks jurisdiction to consider the application. The Report, which is incorporated by reference herein, is adopted without modification. The application for a writ of habeas corpus is dismissed. The Clerk of Court is respectfully directed to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health &*

3

*Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore certifies that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

                                                   *Paul A. Engelmayer*
                                                   Paul A. Engelmayer
                                                   United States District Judge

Dated: November 6, 2013
       New York, New York